# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

CHRISTOPHER JEROME JOHNSON, #176495,

          Petitioner,

v.                               Case No. 2:06-CV-14010
                                   Honorable Denise Page Hood
                                   Magistrate Judge Donald A. Scheer

HUGH WOLFENBARGER,

          Respondent.
_____/

## OPINION & ORDER CONDITIONALLY GRANTING PETITION
## FOR WRIT OF HABEAS CORPUS

Petitioner, Christopher Jerome Johnson,  is a state inmate currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan.  Petitioner was convicted after his Wayne County Circuit Court bench trial of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws §750.520b(1)(f); and was sentenced to four concurrent terms of eighteen to fifty years' imprisonment.

Petitioner has filed a petition for writ of habeas corpus through counsel under 28 U.S.C. §2254.  For the reasons that follow, the Court will grant  the petition.

## I. BACKGROUND

The state appellate court in this case set forth underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F. Supp.2d 753, 758 (E.D. Mich. 2001), *aff'd* . 41 Fed. App'x. 730 (6th Cir. 2002), as follows in pertinent part:

On October 8, 2003, defendant and the victim lived together with the victim's four young children. On that date, defendant became upset with the victim when he learned that she saw her ex-husband and kept the matter a secret. Although the victim thought that the issue was resolved after a discussion, the next evening at about 10:00 p.m. defendant confronted her in their bedroom. He made comments about her keeping secrets and subsequently put a white glove on one of his hands and told her that he was going to teach her a lesson. He then told her to remove her clothes and he began insulting her. The victim complied with defendant's demand to remove her clothes because she was afraid defendant would hit her. Defendant thereafter continued to hurl insults at the victim. He also announced that she had until 11:00 p.m. "before he got started."

At 11:00 p.m., defendant started punching the victim. His acts of hitting and insulting the victim continued for several hours. At one point, he punched her in the right eye. At 2:00 a.m., defendant indicated that he was going to have sex with the victim. However, he subsequently lay on the bed and, after instructing the victim not to go to sleep, he began dozing. Although he was dozing, he opened his eyes and looked at the victim every time she tried to move. At 4:00 a.m., defendant got up and taunted the victim by saying, "You thought it was over." He put the white glove back on his hand and ordered the victim to get on her hands and knees. He spoke to her firmly "as if he wanted to hurt" her. After making her get on her hands and knees, he told her that she was going to do everything he told her to do. He handed her a pen shaped like a baseball bat and instructed her to penetrate her own vagina with the pen. The victim complied because she hoped that defendant would not hit her anymore. When the victim discontinued the penetration with the baseball bat pen, defendant found a hair spray bottle, pried her legs apart, and inserted the bottom of the bottle into her vagina. He then looked for another object. He found a forty-ounce beer bottle and inserted that into her vagina. Finally, he engaged in penile/vaginal intercourse with her. The acts stopped at approximately 5:00 a.m.

When the victim was getting her children ready for school that morning, defendant grabbed her and ordered her to fix her hair. He also told her that she could not walk her three school-aged children to school. The children left for school alone. Defendant then ordered the victim back to her bedroom and instructed her to get undressed. The victim testified that they watched television most of the day. Her four-year-old child was in the room. At one point, defendant made the victim go to her children's bedroom where they engaged in sexual intercourse out of the view of her daughter. Later, the victim's school-aged children arrived home from school, and defendant told the victim that he planned to run the house and care for the children. He would not allow the victim to leave her room. At some point later in the evening of October 10, 2003, the victim seized an opportunity to get out of

2

the house. Three of her children were already outside, and she told the fourth child to go outside. She then followed the child outside, and they ran for help. She ran to a shop and the owner called for emergency assistance. He observed that the victim had been beaten, including having an obvious black eye. She was frightened and very upset. The victim was treated at the hospital for her injuries.

*People v. Johnson,* No: 253796, 2005 Mich. App. Lexis 729, 2005 WL 602543, *1 (Mich.

Ct. App. March 15, 2005).

Following Petitioner's conviction, he filed a direct appeal with the Michigan Court of

Appeals raising the following claims:

I. Defendant's four convictions of first-degree criminal sexual conduct must be reversed where there was insufficient evidence of bodily injury to support the convictions.

II. Defendant's convictions must be reversed where his jury trial waiver was rendered invalid as a matter of constitutional law since the court amended the information and increased the charges from third-degree criminal sexual conduct to first-degree criminal sexual conduct after the defendant had waived his right to a jury trial.

III. Defendant is entitled to a resentencing where the trial court erroneously scored him points under offense variable thirteen, and thereby increased the range of the recommended minimum sentence.

The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.*

Petitioner then sought leave from the Michigan Supreme Court raising the same

three issues presented before the Michigan Court of Appeals. Relief was denied "because

we are not persuaded that the questions presented should be reviewed by this Court."

*People v. Johnson,* 474 Mich. 904, 705 N.W.2d 123 (2005)(table).

Petitioner filed a petition for writ of habeas corpus raising the following claim:

I. Defendant's convictions must be reversed where his jury trial waiver was rendered invalid as a matter of constitutional law since the court amended the information and increased the charges from third-degree criminal sexual

conduct to first-degree criminal sexual conduct after the defendant had waived his right to a jury trial.

## II.  STANDARD

Petitioner is not entitled to the writ of habeas corpus unless the state court's adjudication of his claims on the merits–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

## III.  DISCUSSION

### A.  Waiver of Right to a Jury Trial

### 1.  The Claim and Substantiating Facts

As to this issue, the Michigan Court of Appeals summarized the chain of events as follows:

Defendant was initially charged with six counts of first-degree criminal sexual

4

conduct. Two of the counts were later dismissed. After the preliminary examination, wherein the victim testified to substantially the same facts as she did at trial, the district court bound defendant over on four counts of third-degree criminal sexual conduct. An amended information was prepared and filed to reflect the district court's decision. On November 5, 2003, defendant was arraigned by the circuit court.

On November 14, 2003, at a docketing conference, defense counsel indicated that he wanted the prosecutor's pretrial motions heard by an alternate judge because defendant planned to waive his right to a jury trial and wanted a bench trial before the assigned trial judge. The trial court agreed that an alternate judge would hear any motions that the prosecutor filed. The trial court then swore defendant and questioned him with respect to his desire to waive a jury trial. The trial court ascertained that defendant was forty-one years old, understood his right to have a jury trial, and understood that he could choose a bench trial at which the trial court would listen to the evidence and decide the matter. Defendant expressed a desire to waive his right to a jury trial and proceed with a bench trial. He agreed that he was not promised any special result or verdict in exchange for giving up his right to a jury trial. He signed a written waiver.

The prosecutor later moved to amend the information to reinstate the initial charges. She argued that the district court abused its discretion by binding defendant over on charges of third-degree criminal sexual conduct. The alternate trial judge agreed and ordered that the initial charges be reinstated. A second amended information was prepared. Several weeks later, without objection from defendant or a motion to withdraw his jury trial waiver, the bench trial took place.

*Johnson,* 2005 WL 602543 at *4; *see also* Tr., 11/14/03 at 4-5; Tr., 12/19/03.

Petitioner's claim is as follows:

The Court of Appeals erred when it held that the trial court did not err by proceeding with a bench trial after the Defendant waived his right to a trial by jury for the third-degree criminal sexual conduct when the prosecution then amended the information to increase the charges to first-degree criminal sexual conduct. The Defendant waived only his right to a trial by jury for the third-degree criminal sexual conduct and not the first-degree charges. The prosecutor deliberately waited for the Defendant to waive his constitutional right to a jury trial before making his motion to amend the information to reinstate the first-degree criminal sexual conduct charges without giving the Defendant the right to decide whether he wished to waive his right to a trial by jury on that charge.

5

(Pet. at 4).

### 2. Procedural Default

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005), *cert. denied*, 549 U.S. 1047 (2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In denying relief on this claim, the court stated as follows:

> This issue is not preserved because it was never raised before or considered by the trial court. We review un-preserved constitutional errors for plain error.
>
>                  \*   \*   \*

6

> In sum defendant was aware of the allegations against him at all times after the preliminary examination, including when he opted for a bench trial. The fact that the trial court corrected an abuse of discretion in the bindover did not cause any undo surprise or prejudice to defendant. Defendant failed to timely move to withdraw his valid waiver of the right to a jury trial after the amendment of the information and he never objected to the bench trial. Therefore, we find no plain error in the trial court's failure to conduct a sua sponte inquiry into whether defendant still wanted to proceed with a bench trial.

*See Johnson*,2005 WL 602543 at *3 & *6. (internal citations omitted). The failure to make a contemporaneous objection is a recognized and firmly established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (Mich. 1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (Mich. 1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

The Michigan Court of Appeals denied this claim based upon a procedural default – the failure to properly object at trial, and its plain error review. A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). A federal habeas court

7

need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Therefore, this Court may not review Petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

However, given that the cause and prejudice inquiry merges with an analysis of the merits of Petitioner's defaulted claim, the Court concludes that it would be most efficient to simply consider the merits of the claim.

### 3. Analysis of the Substantive Waiver of Jury Trial Claim

"Because the right to a jury trial is fundamental, *Duncan v. Louisiana*, 391 U.S. 145, 154 (1968), [Petitioner's] waiver of that right -- to be valid -- must have been knowingly, intelligently and voluntarily made. *Edwards v. Arizona*, 431 U.S. 477, 482 (1981)." *Filliaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006). "[B]efore any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *Patton v. United States*, 281 U.S. 276, 312, 50 S. Ct. 253, 74 L. Ed. 854 (1930), *overruled on other grounds by Williams v. Florida*, 399 U.S. 78, 92 (1970). *Patton* leaves "no room for doubt that a determination of guilt by a court after waiver of jury trial could not be set aside and a new trial ordered except upon a plain showing that such waiver was not freely and intelligently made." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 281, 63 S. Ct. 236, 87 L. Ed. 268 (1942).

8

Consequently, Petitioner "has the burden of demonstrating that he did not expressly and intelligently consent to waive a jury trial and that the [state court's] judgment to the contrary is either an unreasonable application of clearly established Supreme Court precedent or contrary to that precedent, or resulted from an unreasonable interpretation of the evidence presented to the state courts." *Filliaggi*, 445 F.3d at 855.

"A waiver may be voluntary, knowing, and intelligent if the defendant has a minimum amount of knowledge concerning his jury trial right and the mental capacity to understand the implications of the waiver of that right." *Lott v. Coyle*, 261 F.3d 594, 615 (6th Cir. 2001) (citing *United States v. Martin*, 704 F.2d 267, 273 (6th Cir. 1983)). The defendant must understand "that the choice confronting him was, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." *United States ex rel. Williams v. De Robertis*, 715 F.2d 1174, 1180 (7th Cir. 1983). "[C]olloquies are not constitutionally required," and "an extremely perfunctory waiver with no colloquy" is constitutionally adequate. *Sowell v. Bradshaw*, 372 F.3d 821, 834 (6th Cir. 2004) (citing *Martin*, 704 F.2d at 274-75), *cert. denied*, 544 U.S. 925 (2005). Furthermore, courts must give "presumptive force" to written waivers of a jury trial. *Spytma v. Howes*, 313 F.3d 363, 371 (6th Cir. 2002).

Petitioner does not contest the fact that his initial jury trial waiver was valid because he in fact waived his right to a jury when he was bound over on four counts of third-degree criminal sexual conduct; and the information was amended to reflect those charges. However, after the information was amended for a second time following the prosecution's motion to reinstate the original four counts of first-degree criminal sexual conduct, it is Petitioner's position that his original jury trial waiver was no longer valid as it relates to the

9

newly amended information containing the first-degree criminal sexual conduct charges. Although the second amended information contained the offenses with which Petitioner was originally charged prior to his preliminary examination, the Court agrees that Petitioner's jury trial waiver was tangential  as applied to those charges; and the rationale is two-fold.

First,  Petitioner agreed to a bench trial when he believed that he was facing third-degree criminal sexual conduct charges.   Third-degree criminal sexual conduct is "punishable by imprisonment for not more than 15 years."   Mich. Comp. Laws §750.520d(2).  First-degree criminal sexual conduct is punishable "by imprisonment for life or any terms of years, but not less than 25 years."  Mich. Comp. Laws §750.520b(2)(b). Therefore, there is a significant difference in the statutory sentencing guideline range between first and third-degree criminal sexual conduct.  Moreover, the elements of what constitutes a first-degree criminal sexual conduct offense differ from what constitutes a third-degree criminal sexual conduct offense. *Compare* Mich. Comp. Laws §750.520d(2), *and* Mich. Comp. Laws §750.520b(1).  This in turn requires the presentation of different evidence and/or evidence with a modified emphasis for the purpose of meeting the requirements of the newly charged offenses. *See Brown v. Burns,* 996 F.2d 219, 221 (9th Cir. 1993) (defendant was reassured by the trial court judge during the colloquy that the same evidence would be presented as a factor toward securing the validity of the jury trial waiver).   A factor considered when determining  whether to waive the right to a jury is the nature of the charges. *Hyatt v. Weber,* 468 F. Supp.2d 1104, 1116 (D.S.D. 2006).  When Petitioner waived his right to a jury trial, he did not have the benefit of knowing that the

10

nature and severity of the charges he would ultimately be facing would change.

Therefore, Petitioner's jury trial waiver was not knowing and intelligent as it relates to the

second amended information.

> Second, the United States Supreme Court has held:
>
> In affirming the power of the defendant in any criminal case to waive a trial
> by a constitutional jury and submit to trial by [] the Court   . . .  *we do not*
> *mean to hold that the waiver must  be put into effect at all events*  . . . *And*
> *the duty of the trial court in that regard is not  to be discharged as a mere*
> *matter of rote, but with sound and advised discretion, <u>with an eye to avoid</u>*
> *<u>unreasonable or undue departures from that mode of trial or from any of the</u>*
> *<u>essential elements thereof, and with a caution increasing in degree as the</u>*
> *<u>offenses dealt with increase in gravity</u>*.

*Patton,* 281 U.S. at 312-13 (emphasis added).  Petitioner did not waive his right to a jury

on the first-degree criminal sexual conduct charges.  The record does not indicate that

Petitioner's initial waiver extended to anything other than being tried on four counts of third-

degree criminal sexual conduct in a bench trial. *See United States v. Lee,* 539 F.2d 606

(6th Cir. 1976) (defendant's waiver did not extend to retrials where the language of the

signed waiver made no mention of retrials). Case law provides that "waiver of a jury trial

does not bar a demand for jury on retrial of the same case *unless the original waiver*

*explicitly covers this contingency.*" *United States v. Groth*, 682 F.2d 578, 580 (6th Cir.

1982).  The record in this case does not include a copy of the actual jury trial waiver, nor

do the trial court transcripts reference any specifics regarding the waiver, only to state: "I

have in front of me a Waiver of Trial by Jury that has your signature, true?" (Doc. Conf. Tr.,

11/14/03, pg. 5).  Petitioner responded in the affirmative.  (*Id.*)

Respondent argues that Petitioner was on notice about the first-degree criminal

sexual conduct charges because those were the offenses with which he was initially

11

charged.  However, those were not the charges in place at the time he waived his right to

a jury trial.  The record is devoid of any indication that Petitioner was led to believe that the

waiver applied to any and all charges that he was subjected to at any given point during the

litigation of this matter.  *See Sinistaj v. Burt,* 66 F.3d 804, 808, (6th Cir. 1995).  The record

further does not show that the event which intervened between the waiver and the bench

trial (i.e., second amended information) was contemplated by the language of the waiver.

*Id.*  The intervening event represents a change in circumstances which invalidates the

original jury trial waiver.  *See  Sinistaj v. Burt,* 860 F.Supp 1209, 1215 (E.D. Mich. 1994)

*reversed on other grounds*, 66 F.3d 804.  The Sixth Circuit has held:

> Certainly, a defendant is not entitled to make a limited or conditional waiver
> of his right to a jury trial.  However, the general rule may be modified only to
> the extent that the defendant actually and validly waives his Sixth
> Amendment right. *The defendant retains any portion of the jury trial right that
> he has not validly waived.*
>
> Thus, the question before the court is not about the waiver that Fitzgerald
> was entitled to make, but the waiver that he actually made.

*Fitzgerald v. Withrow,* 292 F.3d 500, 503 (6th Cir. 2002) (citing *Groth,* 682 F3d at 580).

The colloquy in this case is only relevant as it relates to the first amended information when

the charges were third-degree criminal sexual conduct.  (Doc. Conf. Tr., 11/14/03, pp. 4-5).

The record is completely void of any waiver of a jury trial on the first-degree criminal sexual

conduct charges.  Therefore, there is no indication before the Court that Petitioner waived

his right to a jury trial as it relates to these elevated and more egregious offenses.

## IV.  CONCLUSION

Because the Court finds that the trial court did not properly secure Petitioner's waiver

of his right to a jury trial as it relates to the second amended information, the Court

concludes that Petitioner is in state custody in violation of the United States Constitution, as a result of a state court decision " that . . .  involved an unreasonable application of [ ] clearly established Federal law , as determined by the Supreme Court of the United States."  28 U.S.C. §2254.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus [Dkt. #1] is **CONDITIONALLY GRANTED**.

**IT IS FURTHER ORDERED** that Respondent shall release Petitioner from custody unless the state brings him to trial again within ninety (90) days; and if Respondent appeals, ninety (90) days after the mandate is issued from any appeals before the Court of Appeals and/or the United States Supreme Court.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

13